IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 06-00248 HG |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CYNTHIA WILLIAMS, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE (DOC. 54)**
**AND**
**DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES SENTENCING GUIDELINES (DOC. 61)**

Defendant Cynthia Williams is serving a 135 month prison sentence for two counts of bank robbery. Defendant has filed to motions seeking to have her sentence reduced by 24 months in light of her post-conviction rehabilitation efforts.

The Court lacks jurisdiction to modify or reduce Defendant's prison sentence pursuant to 18 U.S.C. § 3582(c). Defendant's motions are, therefore, **DENIED**.

**PROCEDURAL HISTORY**

On April 27, 2006, Defendant was indicted for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Indictment, filed April 27, 2006 (Doc. 3).)

On July 6, 2006, Defendant entered a guilty plea pursuant to

1

a plea agreement. (Memorandum of Plea Agreement, filed July 6, 2006, (Doc. 25).)

On July 26, 2006, Defendant was sentenced to a prison term of 135 months and a 3-year term of supervised release. (Judgement, filed August 3, 2006, (Doc. 50).)

On March 16, 2011, Defendant filed "MOTION FOR DOWNWARD DEPARTURE" (Doc. 54).

On April 21, 2011, the Government filed "GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE" (Doc. 57).

On April 22, 2011, the "GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE" was granted, and the Government was ordered to respond to Defendant's "MOTION FOR DOWNWARD DEPARTURE" by May 12, 2011. (Minute Order, filed April 22, 2011 (Doc. 58).)

On May 2, 2011, Defendant filed "ADDENDUM #1 TO DEFENDANTS MOTION FOR DOWNWARD DEPARTURE" (Doc. 59).

On May 4, 2011, the Government filed "GOVERNMENT'S RESPONSE TO DEFENDANT WILLIAMS' MOTION FOR DOWNWARD DEPARTURE" (Doc. 60).

On May 16, 2011, Defendant filed "DEFENDANTS RESPONSE AND STATEMENT WITH ADDITIONAL / MOTION FOR DOWNWARD DEPARTURE" (Doc. 62).

On May 16, 2011, Defendant filed "MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE

CHANGE IN THE UNITED STATES SENTENCING GUIDELINES PERTAINING TO COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12) WHICH EFFECTIVELY LOWER'S PETITIONER'S TERM OF IMPRISONMENT" (Doc. 61).

On May 26, 2011, the Government filed "GOVERNMENT'S RESPONSE TO DEFENDANT WILLIAMS' SUPPLEMENTAL MOTION FOR DOWNWARD DEPARTURE" (Doc. 64).

On June 6, 2011, Defendant filed, "RESPONSE TO GOVERNMENT'S RESPONSE TO WILLIAMS' SUPPLEMENTAL MOTION FOR DOWNWARD DEPARTURE" (Doc. 65).

## BACKGROUND

Defendant is serving a 135 month prison sentence for two counts of bank robbery in violation of 18 U.S.C. § 2113 (a). Defendant, appearing *pro se*, moves to have her sentence reduced by 24 months. Defendant states that during her time in prison she has taken steps to rehabilitate herself. Defendant appears to have participated in several employment training programs and community outreach programs. Defendant has taken steps to reach out to younger community members to "perhaps keep those kids from making the horrible mistakes I have made in life." Attached to Defendant's motions are numerous letters from individuals she has worked with over the last 4 years. These letters state that Defendant has taken steps to rehabilitate herself for the crimes she committed.

Defendant moves to have her prison sentence reduced by 24

months in light of her post-conviction rehabilitative efforts. The Government opposes the motion.

**ANALYSIS**

The district courts of the United States are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). Federal district courts have no jurisdiction without specific statutory authorization. Id.

The Court's authority to modify a previously imposed sentence is limited by 18 U.S.C. § 3582(c). 18 U.S.C. § 3582(c); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) (citing United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). Section 3582(c) states that a "court may not modify a term of imprisonment once it has been imposed" unless: (I) the Director of the Bureau of Prisons files a special motion pursuant to 18 U.S.C. § 3582(c)(1)(A); (II) modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (III) the Defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the United State Sentencing Commission. 18 U.S.C. § 3582(c). The Court does not have jurisdiction to make a post-conviction modification to a prisoner's sentence unless the Defendant qualifies under one of these three statutory exceptions. Barragan-Mendoza, 174 F.3d at 1028. As a general

rule, the Court is not allowed to modify a prison sentence based on post-conviction rehabilitation efforts.  See United States v. Rodriquez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) ("[S]uch conduct, while commendable, has nothing to do with the lowering of the sentencing range by the Commission, as required by § 3582(c).  Accordingly, such rehabilitation provides no basis either for a sentencing reduction in its own right[.]")

**I. THERE IS NO PENDING MOTION BY THE DIRECTOR OF THE BUREAU OF PRISONS**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), when the Defendant is at least 70 years of age, has served at least 30 years in prison, there are extraordinary and compelling reasons to warrant a reduction, and the Director of the Bureau of Prisons determines that the Defendant no longer poses a threat to the safety of another person, the Director of the Bureau of Prisons may move for the Court to reduce or modify the Defendant's sentence.  In this case, there is no motion before the Court from the Director of the Bureau of Prisons seeking a modification of the Defendant's prison sentence.  Moreover, the Defendant has not met the specific conditions set forth in 18 U.S.C. § 3582(c)(1)(A)(i-ii).

## II. THERE IS NO STATUTE OR RULE PROVIDING FOR A REDUCTION OF DEFENDANT'S SENTENCE

Pursuant to 18 U.S.C. § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  In this case, there is no applicable statute that would give the Court jurisdiction to reduce the Defendant's sentence.  In addition, Federal Rule of Criminal Procedure 35 does not apply.

Rule 35(a) allows a court, within 14 days of sentencing, to correct a sentence that resulted from arithmetical, technical, or other clear error.  Fed. R. Crim. P. 35(a); United States v. Portin, 20 F.3d 1028, 1029 (9th Cir. 1994).  Here, the Court imposed sentence approximately five years ago and there is no indication that there was an arithmetical, technical, or other error.

Rule 35(b) allows a court to reduce a defendant's sentence where, upon a motion by the government, the defendant has provided substantial assistance to the government.  Fed. R. Crim. P. 35(b); United States v. Awad, 371 F.3d 583, 587 (9th Cir. 2004).  In this case there is no Rule 35(b) motion from the Government.

## III. THERE HAS BEEN NO POST-CONVICTION AMENDMENT TO THE UNITED STATES SENTENCING GUIDELINES WARRANTING A REDUCTION IN SENTENCE

Pursuant to 18 U.S.C. § 3582(c)(1)(B) the Court may modify a post-conviction sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  Defendant argues that in light of the November 1, 2007 Amendments (hereafter "2007 Amendments") to the U.S. Sentencing Guidelines (hereafter "U.S.S.G."), the Court should recalculate Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).

Defendant was originally sentenced as a "Career Offender" pursuant to U.S.S.G. § 4B1.1.  A "Career Offender" is defined as an offender that was at least 18 years old at the time of the offense, has at least two prior felony convictions involving violence or controlled substances, and whose instant offense involved violence.  U.S.S.G. § 4B1.1.  Defendant was convicted of bank robbery pursuant to 18 U.S.C. § 2113(a), a crime of violence.  United States v. Walters, 477 F.2d 386, 389 (9th Cir. 1973).  She was at least 18 at the time of the offense and had two prior felony convictions involving controlled substances.  Defendant was, therefore, sentenced as a Career Offender with a sentence level of 32.  Pursuant to U.S.S.G. § 4B1.1 any person qualifying as a Career Offender has a Criminal History Category

of VI. There was a three level reduction to her offense level due to her acceptance of responsibility. Defendant's offense level was 29 with a Criminal History Category of VI resulting in an advisory range of 151 - 181 months. On July 26, 2007, the Court downward departed from the 151 - 181 month range and sentenced the Defendant to 135 months and 3-year term of supervised release.

Since the Defendant's sentencing, there have been no amendments to the U.S. Sentencing Guidelines that affect her sentence. The 2007 Amendments to the U.S.S.G. mentioned in the Defendant's filings did not affect the calculations or definitions used to determine Defendant's sentence. Her term of imprisonment was not based on U.S.S.G. that were subsequently changed. The Court, therefore, lacks jurisdiction to modify or reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).

**CONCLUSION**

The Court's authority to modify a previously imposed sentence is limited by 18 U.S.C. § 3582(c). Barragan-Mendoza, 174 F.3d at 1028. Pursuant to 18 U.S.C. § 3582(c), there are three narrow circumstances when the Court has jurisdiction to modify a previously imposed sentence. The Defendant does not qualify for any of the three exceptions.

(1) Defendant's "MOTION FOR DOWNWARD DEPARTURE" (Doc. 54), filed on March 16, 2011, is **DENIED**.

(2) Defendant's "MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES SENTENCING GUIDELINES PERTAINING TO COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12) WHICH EFFECTIVELY LOWER'S PETITIONER'S TERM OF IMPRISONMENT" (Doc. 61), filed on May 16, 2011, is **DENIED**.

IT IS SO ORDERED
DATED: July 1, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
Helen Gillmor
United States District Judge

United States v. Cynthia Williams, Crim. No. 06-00248 HG; **ORDER DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE (DOC. 54) AND DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES SENTENCING GUIDELINES (DOC. 61)**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Cr. No. 06-00248 HG |
| Plaintiff, | ) ) ) |  |
| vs. | ) ) |  |
| CYNTHIA WILLIAMS, | ) ) |  |
| Defendant. | ) ) ) |  |

**ORDER DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE (DOC. 54)
AND
DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF
SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE
UNITED STATES SENTENCING GUIDELINES (DOC. 61)**

Defendant Cynthia Williams is serving a 135 month prison sentence for two counts of bank robbery. Defendant has filed to motions seeking to have her sentence reduced by 24 months in light of her post-conviction rehabilitation efforts.

The Court lacks jurisdiction to modify or reduce Defendant's prison sentence pursuant to 18 U.S.C. § 3582(c). Defendant's motions are, therefore, **DENIED.**

**PROCEDURAL HISTORY**

On April 27, 2006, Defendant was indicted for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Indictment, filed April 27, 2006 (Doc. 3).)

On July 6, 2006, Defendant entered a guilty plea pursuant to

1

a plea agreement. (Memorandum of Plea Agreement, filed July 6, 2006, (Doc. 25).)

On July 26, 2006, Defendant was sentenced to a prison term of 135 months and a 3-year term of supervised release. (Judgement, filed August 3, 2006, (Doc. 50).)

On March 16, 2011, Defendant filed "MOTION FOR DOWNWARD DEPARTURE" (Doc. 54).

On April 21, 2011, the Government filed "GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE" (Doc. 57).

On April 22, 2011, the "GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE" was granted, and the Government was ordered to respond to Defendant's "MOTION FOR DOWNWARD DEPARTURE" by May 12, 2011. (Minute Order, filed April 22, 2011 (Doc. 58).)

On May 2, 2011, Defendant filed "ADDENDUM #1 TO DEFENDANTS MOTION FOR DOWNWARD DEPARTURE" (Doc. 59).

On May 4, 2011, the Government filed "GOVERNMENT'S RESPONSE TO DEFENDANT WILLIAMS' MOTION FOR DOWNWARD DEPARTURE" (Doc. 60).

On May 16, 2011, Defendant filed "DEFENDANTS RESPONSE AND STATEMENT WITH ADDITIONAL / MOTION FOR DOWNWARD DEPARTURE" (Doc. 62).

On May 16, 2011, Defendant filed "MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE

CHANGE IN THE UNITED STATES SENTENCING GUIDELINES PERTAINING TO COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12) WHICH EFFECTIVELY LOWER'S PETITIONER'S TERM OF IMPRISONMENT" (Doc. 61).

On May 26, 2011, the Government filed "GOVERNMENT'S RESPONSE TO DEFENDANT WILLIAMS' SUPPLEMENTAL MOTION FOR DOWNWARD DEPARTURE" (Doc. 64).

On June 6, 2011, Defendant filed, "RESPONSE TO GOVERNMENT'S RESPONSE TO WILLIAMS' SUPPLEMENTAL MOTION FOR DOWNWARD DEPARTURE" (Doc. 65).

## BACKGROUND

Defendant is serving a 135 month prison sentence for two counts of bank robbery in violation of 18 U.S.C. § 2113 (a). Defendant, appearing *pro se*, moves to have her sentence reduced by 24 months. Defendant states that during her time in prison she has taken steps to rehabilitate herself. Defendant appears to have participated in several employment training programs and community outreach programs. Defendant has taken steps to reach out to younger community members to "perhaps keep those kids from making the horrible mistakes I have made in life." Attached to Defendant's motions are numerous letters from individuals she has worked with over the last 4 years. These letters state that Defendant has taken steps to rehabilitate herself for the crimes she committed.

Defendant moves to have her prison sentence reduced by 24

months in light of her post-conviction rehabilitative efforts. The Government opposes the motion.

**ANALYSIS**

The district courts of the United States are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). Federal district courts have no jurisdiction without specific statutory authorization. Id.

The Court's authority to modify a previously imposed sentence is limited by 18 U.S.C. § 3582(c). 18 U.S.C. § 3582(c); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) (citing United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). Section 3582(c) states that a "court may not modify a term of imprisonment once it has been imposed" unless: (I) the Director of the Bureau of Prisons files a special motion pursuant to 18 U.S.C. § 3582(c)(1)(A); (II) modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (III) the Defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the United State Sentencing Commission. 18 U.S.C. § 3582(c). The Court does not have jurisdiction to make a post-conviction modification to a prisoner's sentence unless the Defendant qualifies under one of these three statutory exceptions. Barragan-Mendoza, 174 F.3d at 1028. As a general

rule, the Court is not allowed to modify a prison sentence based on post-conviction rehabilitation efforts.  See United States v. Rodriquez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) ("[S]uch conduct, while commendable, has nothing to do with the lowering of the sentencing range by the Commission, as required by § 3582(c).  Accordingly, such rehabilitation provides no basis either for a sentencing reduction in its own right[.]")

**I.  THERE IS NO PENDING MOTION BY THE DIRECTOR OF THE BUREAU OF PRISONS**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), when the Defendant is at least 70 years of age, has served at least 30 years in prison, there are extraordinary and compelling reasons to warrant a reduction, and the Director of the Bureau of Prisons determines that the Defendant no longer poses a threat to the safety of another person, the Director of the Bureau of Prisons may move for the Court to reduce or modify the Defendant's sentence.  In this case, there is no motion before the Court from the Director of the Bureau of Prisons seeking a modification of the Defendant's prison sentence.  Moreover, the Defendant has not met the specific conditions set forth in 18 U.S.C. § 3582(c)(1)(A)(i-ii).

## II. THERE IS NO STATUTE OR RULE PROVIDING FOR A REDUCTION OF DEFENDANT'S SENTENCE

Pursuant to 18 U.S.C. § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In this case, there is no applicable statute that would give the Court jurisdiction to reduce the Defendant's sentence. In addition, Federal Rule of Criminal Procedure 35 does not apply.

Rule 35(a) allows a court, within 14 days of sentencing, to correct a sentence that resulted from arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a); United States v. Portin, 20 F.3d 1028, 1029 (9th Cir. 1994). Here, the Court imposed sentence approximately five years ago and there is no indication that there was an arithmetical, technical, or other error.

Rule 35(b) allows a court to reduce a defendant's sentence where, upon a motion by the government, the defendant has provided substantial assistance to the government. Fed. R. Crim. P. 35(b); United States v. Awad, 371 F.3d 583, 587 (9th Cir. 2004). In this case there is no Rule 35(b) motion from the Government.

## III. THERE HAS BEEN NO POST-CONVICTION AMENDMENT TO THE UNITED STATES SENTENCING GUIDELINES WARRANTING A REDUCTION IN SENTENCE

Pursuant to 18 U.S.C. § 3582(c)(1)(B) the Court may modify a post-conviction sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  Defendant argues that in light of the November 1, 2007 Amendments (hereafter "2007 Amendments") to the U.S. Sentencing Guidelines (hereafter "U.S.S.G."), the Court should recalculate Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).

Defendant was originally sentenced as a "Career Offender" pursuant to U.S.S.G. § 4B1.1.  A "Career Offender" is defined as an offender that was at least 18 years old at the time of the offense, has at least two prior felony convictions involving violence or controlled substances, and whose instant offense involved violence.  U.S.S.G. § 4B1.1.  Defendant was convicted of bank robbery pursuant to 18 U.S.C. § 2113(a), a crime of violence.  United States v. Walters, 477 F.2d 386, 389 (9th Cir. 1973).  She was at least 18 at the time of the offense and had two prior felony convictions involving controlled substances.  Defendant was, therefore, sentenced as a Career Offender with a sentence level of 32.  Pursuant to U.S.S.G. § 4B1.1 any person qualifying as a Career Offender has a Criminal History Category

of VI.  There was a three level reduction to her offense level due to her acceptance of responsibility.  Defendant's offense level was 29 with a Criminal History Category of VI resulting in an advisory range of 151 - 181 months.  On July 26, 2007, the Court downward departed from the 151 - 181 month range and sentenced the Defendant to 135 months and 3-year term of supervised release.

Since the Defendant's sentencing, there have been no amendments to the U.S. Sentencing Guidelines that affect her sentence.  The 2007 Amendments to the U.S.S.G. mentioned in the Defendant's filings did not affect the calculations or definitions used to determine Defendant's sentence.  Her term of imprisonment was not based on U.S.S.G. that were subsequently changed.  The Court, therefore, lacks jurisdiction to modify or reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).


**CONCLUSION**

The Court's authority to modify a previously imposed sentence is limited by 18 U.S.C. § 3582(c).  <u>Barragan-Mendoza</u>, 174 F.3d at 1028.  Pursuant to 18 U.S.C. § 3582(c), there are three narrow circumstances when the Court has jurisdiction to modify a previously imposed sentence.  The Defendant does not qualify for any of the three exceptions.

(1) Defendant's "MOTION FOR DOWNWARD DEPARTURE" (Doc. 54), filed on March 16, 2011, is **DENIED**.

(2) Defendant's "MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES SENTENCING GUIDELINES PERTAINING TO COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12) WHICH EFFECTIVELY LOWER'S PETITIONER'S TERM OF IMPRISONMENT" (Doc. 61), filed on May 16, 2011, is **DENIED**.

IT IS SO ORDERED
DATED: July 1, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

United States v. Cynthia Williams, Crim. No. 06-00248 HG; **ORDER DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE (DOC. 54) AND DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES SENTENCING GUIDELINES (DOC. 61)**